FILED
2009 APR 28  AM 8:50

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REBECCA H. HOLMES<br>　　　Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO. SA09CA0326 OG |
| PROCOLLECT, INC.<br>　　　Defendants. | § § § | |

## ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES REBECCA H. HOLMES, Plaintiff, complaining of and about PROCOLLECT, INC., Defendant, and for cause of action shows unto the Court the following:

### I. PARTIES AND SERVICE

1. Plaintiffs are citizens of the United States and the State of Texas, and reside in Bexar County, Texas.

　　a. Plaintiff REBECCA H. HOLMES is a resident of Fort Worth, Tarrant County, Texas.

　　b. Defendant PROCOLLECT is a corporation incorporated and doing business in the State of Texas, which may be served with process by serving its registered agent, Gary Lee Hach, 312 W. Northwest Highway, Suite B, Grapevine, Texas 76051

### II. JURISDICTION

2. The United States District Court has jurisdiction in this case under 28 U.S.C. 1333. Venue is proper in the United States District Court for the Western District of Texas under 28 U.S.C. 1391 because the acts and omissions at issue in this case occurred within the geographical boundaries of the District.

3. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

### III. NATURE OF ACTION AND CONDITIONS PRECEDENT

4. This is an action under the Fair Debt Collection Practices Act. 15 U.S.C. § 1962 et seq. (hereinafter FDCPA) which is intended to protect consumers and/or individuals from collection practices and/or conduct which harass, oppress, or abuse consumers and/or individuals in connection with the collection of a debt, in violation of 15 U.S.C. 1692d. All conditions precedent to jurisdiction have occurred or been complied with: including providing the statutory notice for Plaintiff's DTPA claim.

### IV. FACTS

5. In and around 2006, Plaintiff HOLMES was the victim of identity theft. As a result, Plaintiff's credit was negatively affected and had erroneous information set up in her name on fraudulent accounts. The individual who stole Plaintiff's identity fraudulently opened, misused, and/or exploited Plaintiff's identity and opened several account using Plaintiff's personal and confidential private information. One of the fraudulent accounts which were opened included an account with Cirro Energy. In or around 2007, upon information and belief, Cirro Energy retained the services of Defendant PROCOLLECT in order to collect overdue and/or balance amounts from Plaintiff from the fraudulently opened accounts.

6. Upon discovering that her identity had been stolen, Plaintiff reviewed her credit report which contained numerous fraudulently opened accounts which were in arrears. Plaintiff contacted Defendant PROCOLLECT in an effort to explain the situation. Plaintiff provided Defendant PROCOLLECT with information and evidence clearly showing she had been the victim of identity theft. Plaintiff provided Defendant PROCOLLECT with the filing of the police report to the Desoto Police Department, Case No. 07-005439, as well as with the Bexar County

Sheriff's Office, Case No. 2008-CI-03992 against the perpetrator of the identity theft. Plaintiff noticed Defendant PROCOLLECT regarding her identity theft and provided all of the pertinent information to show that she was not responsible and/or liable for the Cirro Energy account. In spite of all of this information, Defendant PROCOLLECT continued to harass Plaintiff and negatively affect her credit.

7. Defendant PROCOLLECT engaged in unconscionable conduct and/or omissions and took advantage of Plaintiff's lack of knowledge, ability, experience and capacity to a grossly unfair degree. Specifically, after being advised and noticed that Plaintiff's identity had been stolen and that the account PROCOLLECT was seeking to collect was not Plaintiff's, but in fact, a fraudulently opened account, Defendant PROCOLLECT continued to harass Plaintiff into paying the balance. Defendant PROCOLLECT continued to place the account on Plaintiff's credit and continued to harass her for payment.

8. Furthermore, in Defendant PROCOLLECT's attempt to collect the account, one of its employees, agents and/or representatives engaged in unconscionable and fraudulent conduct. Specifically, Defendant PROCOLLECT's employee, agent, and/or representative who identified himself as "Mr. Fox" repeatedly harassed Plaintiff. Mr. Fox was verbally abusive to Plaintiff and refused to take any action on the documented identity theft information Plaintiff had provided to Defendant PROCOLLECT.

9. Further, Defendant PROCOLLECT's employee, agent, and/or representative Mr. Fox represented on various occasions that he was an attorney, which upon information and belief is inaccurate. Mr. Fox made numerous insulting and derogatory remarks on Plaintiff on several occasions, slandering Plaintiff by calling her a "deadbeat," a "liar" and "a loser." Mr. Fox made threatening statements and screamed at Plaintiff on several occasions.

10. Over the span of over three months, Defendant PROCOLLECT refused to correct Plaintiff's credit report. Plaintiff provided information showing that she was indeed the victim of

identity theft and worked directly with Cirro Energy to try to clear up the issue. Notwithstanding all of the information, Defendant PROCOLLECT failed to act and claimed that it was "not responsible for Mr. Fox's behavior."

V. CLAIMS AGAINST PROCOLLECT, INC.

A. <u>CLAIM I: Fair Debt Collection Practices Act Claim</u>

11.     Defendant violated the Fair Debt Collection Practices Act. 15 U.S.C. § 1962 et seq. (hereinafter FDCPA) by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. 1692d.

12.     Defendant further violated the FDCPA by using false representation of pending legal matters by misrepresenting that its employee, representative and/or agent was an attorney.

13.     Defendant violated the FDCPA by continuously calling Plaintiff with the intent to harass, annoy and abuse Plaintiff in violation of 15 U.S.C. 1692d (5).

B. <u>CLAIM II: Texas Debt Collection Act Claim</u>

14.     Defendant violated the Texas Debt Collection Act, Tex. Fin. Code 392.001, et seq. (hereinafter TDCA) which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

15.     Defendant violated the TDCA by continuously calling Plaintiff with the intent to harass Plaintiff in violation of Tex. Fin. Code 392.302(4).

16.     Defendant violated the TDCA by misrepresenting that its employee, agent and/or representative was an attorney and that legal proceedings were being instituted against Plaintiff.

C. <u>CLAIM III -DTPA Claim</u>

17.     Because violations of the TDCA constitute deceptive trade practices under Texas Fin.

Code 392.404(a), Defendant has also violated the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code 17.41 et. seq.  Furthermore, because Defendant acted knowingly and/or intentionally, under the DTPA, Plaintiff is entitled to treble damages.

18.   Pursuant to the DTPA, Plaintiff is a consumer under the DTPA because plaintiff is an individual who sought and/or acquired goods and services by purchase or lease.

19.   Defendant is a corporation that can be sued under the DTPA.

20.   Defendant violated the DTPA when defendant

   (A) engaged in false, misleading, or deceptive acts or practices that plaintiff relied on to plaintiff's detriment.  Specifically, Defendant PROCOLLECT harassed Plaintiff and made numerous representations, as stated above,

   (B) engaged in an unconscionable action or course of action that, to plaintiff's detriment, took advantage of plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

21.   Plaintiff gave defendant notice as required by Texas Business & Commerce Code section 17.505(a).

22.   Defendant's wrongful conduct was a producing cause of plaintiff's injury, which resulted in damages.

23.   Additional damages.  Defendant acted knowingly and/or intentionally which entitles plaintiff to recover treble damages under Texas Business & Commerce Code section 17.50(b)(1).

24.   Attorney fees.  Plaintiff is entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code section 17.50(d).

### D. CLAIM IV – FRAUDULENT MISREPRESENTATION

25.   In the alternative and/or addition to other counts, defendant committed fraudulent

misrepresentation.

26. Defendant made a representation to Plaintiff which was material and false. Defendant knew the representation was false and/or made the representation recklessly, as a positive assertion, and without knowledge of its truth.

27. Defendant made the representation with the intent that Plaintiff act on it, and Plaintiff relied on such representation, causing her injuries.

### E. CLAIM V: DEFAMATION

28. Defendant published a statement of fact that referred to Plaintiff which was defamatory and false. With regard to the truth of the statement, Defendant was acting with actual malice and/or negligent, and as a result, Plaintiff suffered pecuniary injury.

### VI. DAMAGES

29. Plaintiffs sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

    a. Actual damages.

    b. Treble damages.

    c. Prejudgment and postjudgment interest.

    e. Court costs.

    f. Attorney fees.

    g. All other relief to which plaintiff is entitled.

30. While the calculation of these damages is peculiarly within the province of the jury, Plaintiff estimates that the amount of actual damages they suffered as a result of Defendants' conduct is approximately $1,000,000.

### VII. PUNITIVE DAMAGES

31. Plaintiff would further show that the acts and omissions of Defendant complained of

herein were committed with malice or reckless indifference to the federally protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for punitive damages in an amount equal to the maximum allowed by law.

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

dE lA RIVA & ASSOCIATES
A PROFESSIONAL LIMITED LIABILITY COMPANY
THE ACROPOLIS BUILDING
13407 N.W. MILITARY HWY
SAN ANTONIO, TX 78231
(210) 224-2200 [TELEPHONE]
(210) 224-2204 [FACSIMILE]

By: _____
Isabel de la Riva
State Bar No. 24012517

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.**